## SHEVITZ v. UNITED STATES.

### CLAYMAN v. SAME.

(Circuit Court of Appeals, Fourth Circuit. April 30, 1926.)

Nos. 2439, 2440.

Criminal law ⟨⟩1159(3,4)—Circuit Court of Appeals will not pass on credibility of witnesses, or conflicting testimony, on appeal from conviction of violating National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

It is not the province of the Circuit Court of Appeals, on appeal from conviction of violating the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), to pass on credibility of witnesses or probabilities of conflicting testimony.

In Error to the District Court of the United States for the Eastern District of Virginia, at Richmond; D. Lawrence Givner, Judge.

Phil Shevitz and Joe Clayman were each convicted separately of violating the National Prohibition Act, and they bring error. Affirmed.

Hiram M. Smith, of Richmond, Va. (John P. Flanagan, of Richmond, Va., on the brief), for plaintiffs in error.

Paul W. Kear, U. S. Atty., of Norfolk, Va. (Callom B. Jones, Asst. U. S. Atty., of Richmond, Va., and Alvah H. Martin, Asst. U. S. Atty., of Norfolk, Va., on the brief), for the United States.

Before WADDILL and PARKER, Circuit Judges, and ERNEST F. COCHRAN, District Judge.

PER CURIAM. These two cases were tried together in the District Court by consent and were heard together here. Plaintiffs in error were charged with violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and their defense was an alibi.

The questions involved were questions of fact, and these have been decided against plaintiffs in error by the jury which tried them. There was ample evidence to sustain the verdict and it is not our province to pass upon the credibility of witnesses or the probabilities of conflicting testimony. The trial judge fairly and impartially instructed the jury as to the law applicable to the case, and the exceptions to his charge are without merit. There was no error, and the judgment of the District Court is affirmed.

Affirmed.